IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAHSAY WOLDESILASSIE | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| | § | |
| THOMAS LEE BISHOP AND | § | |
| GOLDING TRANSPORT, INC. | § | |
| DEFENDANTS | § | |

United States Courts
Southern District of Texas
FILED

OCT 24 2022

Nathan Ochsner, Clerk of Court

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, KAHSAY WOLDESILASSIE, hereinafter referred to as Plaintiff complaining of THOMAS LEE BISHOP, and GOLDING TRANSPORT, INC., hereinafter referred to as Defendants, and for good cause of action would respectfully show as follows:

I.

**PARTIES**

1.1 Plaintiff KAHSAY WOLDESILASSIE, is an individual residing in Houston, Harris County, Texas. He brings his negligence action on behalf of himself.

1.2 Defendant THOMAS LEE BISHOP is a resident and citizen of West Virginia and can be served with process at his business and employer's address at 602 North Main Street Dobson, NC 27017.

1.3 Defendant GOLDING TRANSPORT, INC., (herein after referred to as "GOLDING TRANSPORTS") is a North Carolina corporation with its principal office located at 602 Main Street Dobson, NC 27017, and at all times material hereto was authorized and was doing business in the State of Tennessee. Defendant DARLING TRANSPORT can be served with process by serving its registered agent Tiffany Golding at 602 North Main Street Dobson, North Carolina 27017.

## II.

### FORUM CONVENIENS JURISDICTION

2.1 The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a) and, *forum conveniens* jurisdiction under 28 U.S.C. §1404. The amount in controversy exceeds Seventy-Five Thousand ($75,000) dollars exclusive of interest and costs.

2.2 Venue is properly before this court under the forum conveniens doctrine in light of the fact that Plaintiff resides in Texas and the Defendant in West Virginia but the events giving rise to the claim occurred in Memphis, Tennessee.

## III.

### BACGROUND

On or about October 22, 2020 at approximately 12:30 a.m., Plaintiff KAHSAY WOLDESILASSIE was operating a 2012 Volvo Semi with an attached trailer on I-40 East in Memphis, Tennessee.

On the said date and time Defendant THOMAS LEE BISHOP was similarly operating a 2019 Freightliner CASCAR on same I-40 East in Memphis, Tennessee. Plaintiff suffered a breakdown wherein he immediately engaged his hazard signals on; proceeded to place flares on the road, as well as reflector cones. The flares and reflector cones were deployed from 15 to 20 feet of Plaintiff's trailer. Almost eighteen (18) other vehicles went by without making contact with Plaintiff's vehicle from the time of the break down until when Defendant THOMAS BISHOP struck Plaintiff's trailer.

After deploying the safety and caution gear, Plaintiff went underneath the trailer to ascertain what the problem was when Defendant THOMAS BISHOP driving at a reckless rate of speed crashed into the trailer. He was lying on his back on the ground beneath the trailer when it was impacted by Defendant's Freightliner. The impact was so severe that Plaintiff suffered and sustained serious bodily injuries that he sought and received medical treatment and therapeutic and rehabilitative care.

## IV.

### CAUSES OF ACTION

The occurrence made the basis of his suit, referred to in Paragraph III, and the resulting injuries and damages were

3.

directly, solely and proximately caused by the negligent and reckless conduct of Defendant THOMAS BISHOP. Defendant BISHOP's negligent acts whether taken singularly or in combination, proximately and solely caused Plaintiffs' injuries in one or more of the following respects:

1. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

2. In failing to apply the brakes to his vehicle in order to avoid the occurrence made the basis of this suit;

3. In failing to skillfully swerve his vehicle in an effort to avoid the occurrence made the basis of this suit;

4. In failing to sound and blow the horn of his vehicle so to warn Plaintiff;

5. In failing to follow and obey required traffic protocols while operating a vehicle in a public space;

6. In recklessly and negligently operating his vehicle at a unsafe rate of speed that caused the accident made the basis of this suit.

Each of these acts and omissions, whether taken singularly or in combination with others, constituted negligence by Defendant THOMAS LEE BISHOP and which

negligence proximately caused Plaintiffs' injuries and damages made the basis of Plaintiffs' suit.

## V.

## INJURIES AND MEDICAL TREATMENT

As a direct and proximate result of Defendant BISHOP's reckless and negligent operation of his 2019 FreightLiner Plaintiff KAHSAY WOLDESILASSIE incurred medical expenses for treatment for his bodily injuries in excess of Fifty Thousand Dollars.

The specific injuries and resultant ill-effects of same have in turn, caused Plaintiff great and enormous grief. As a further direct result of Defendant BISHOP's negligent operation of his 2019 Freightliner and causing the accident forming the basis of this suit, Plaintiff continues to suffer residual pain and mental anguish which he may suffer for the rest of his natural life.

To adequately compensate Plaintiff KAHSAY WOLDESILASSIE for his pain, suffering, and emotional anguish, he herein seeks the sum of Two Hundred Thousand ($200,000.00) dollars.

## VI.

## VICARIOS LIABITY

At the time of the occurrence of the accident made the basis of this suit Defendant BISHOP was employed by Defendant GOLDING TRANSPORT. As a consequence, Defendant GOLDING TRANSPORT

is vicariously liable to the Plaintiff for the injuries suffered from the accident that occurred October 22, 2020 due to its negligently entrustment of the company's 2019 Freight Liner CASCA truck to Defendant THOMAS LEE BISHOP.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer and that on final trial of this cause, Plaintiff have:

1. Judgment against Defendants for Plaintiff's bodily injuries, pain, suffering and emotional distress in the sum of Two Hundred Thousand ($200,000.00) dollars collectively;
2. Pre-judgment and post judgment interest; and
3. Judgment in law and equity and such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,
MUAKUM SHERMAN & ASSOCIATES

/s/ *Muakum Sherman*

Muakum J. Sherman
TBN 00795055
9494 SW Freeway, Suite 610
Houston, Texas 77074
Telephone (713) 981 6196
Facsimile (713) 981 9457
Email: Muakum@aol.com
ATTORNEY FOR PLAINTIFF