IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAHSAY WOLDESILASSIE, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-22-3672 |
| THOMAS LEE BISHOP and GOLDING TRANSPORT, INC., | § § § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

Kahsay Woldesilassie sued Thomas Bishop and Golding Transport, Inc. for damages from a vehicle accident. The accident occurred on October 22, 2020. (Docket Entry No. 1). Woldesilassie filed suit on October 24, 2022. (*Id.*). He requested issuance of summons on November 4 and was notified of deficiencies in his request on November 7. (Docket Entry No. 4). He submitted new requests for the issuance of summons on December 9. (Docket Entry Nos. 5, 6). No proof of service has been submitted.

The defendants have moved for summary judgment, arguing that the statute of limitations bars Woldesilassie's claims and that he was not diligent in effecting service. (Docket Entry Nos. 14, 19). Woldesilassie has not responded. Based on the briefing, the record, and the relevant law, the court grants the defendants' motions for summary judgment. The reasons are set out below.

**I.      The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th

Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City*

*of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II. Analysis

The defendants move for summary judgment on the ground that limitations bars Woldesilassie's claims. Although Woldesilassie has not responded, this court may grant summary judgment only if the undisputed facts show that it is warranted as a matter of law.

A federal court in a diversity action based on state law follows the state's service laws in determining when the action is commenced for limitations purposes. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980). Under Texas law, a plaintiff must "bring suit" within the applicable limitations period. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Woldesilassie alleges that the defendants' negligence resulted in his injuries. The Texas statute of limitations for personal injury cases is two years from the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. The accident giving rise to Woldesilassie's claims was on October 22, 2020. Because October 22, 2022 was a Saturday, Woldesilassie's filing of the claim on Monday, October 24, 2022 was within the limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.072.

However, under a well-developed body of Texas law, "a plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation." *Gant*, 786 S.W.2d at 260. If service is not actually effected until after the statutory period has expired, "the date of service may relate back to the date of filing if the plaintiff exercised due diligence in effecting service." *Id.* Once a defendant has asserted limitations, the burden shifts to the plaintiff to show due diligence in effecting service. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). A plaintiff must demonstrate "that diligence to procure service which an ordinarily prudent person would have used under the same or similar

3

circumstances." *Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex.App.–Houston [14th Dist.] 2001, no pet.) (internal quotation omitted); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex.App.–Corpus Christi 1994, no writ). Federal courts applying the Texas statute of limitations have followed the state rule requiring diligent service. *See Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *Curry v. Heard*, 819 F.2d 130, 132 (5th Cir. 1987); *Bilsing v. State Indus., Inc.*, 173 F.Supp.2d 593, 596 n.7 (S.D. Tex. 2001).

Due diligence is usually a fact question "determined by a two-prong test: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie v. U.S. Nat. Res., Inc.*, 94 S.W.3d 748, 754 (Tex.App.–San Antonio 2002, no pet.) (internal quotation omitted). It is assessed by examining the length of time and efforts to complete service. *Carter v. MacFadyen*, 93 S.W.3d 307, 313 (Tex.App.-Houston 2002, pet. denied); *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex.App.–Houston [14th Dist.] 1999, no pet.). "A lack of diligence will be found as a matter of law, however, if no valid excuse for lack of service is offered, or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence." *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex.App.–San Antonio 1999, pet. denied).

The docket shows that Woldesilassie did not request issuance of summons for over a week after filing his complaint, and did not remedy the deficiencies in his request for over a month after he was notified of these deficiencies. Golding Transport alleges that they were not served until April 12, 2023. (Docket Entry No. 14 at 2). Bishop alleges that he has still not been properly served. (Docket Entry No. 19 at 2). Woldesilassie has shown no evidence of proper service on Bishop or offered an excuse for his delay in serving Golding Transport. There is no valid excuse

4

for Woldesilassie's lack of diligence in serving the defendants. Woldesilassie's claims are barred by the statute of limitations. The court grants the defendants' motions for summary judgment. Final judgment is entered by separate order.

SIGNED on August 31, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge